UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALFRED L HALL, | § | |
| TDCJ # 01840184, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-215 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Alfred L. Hall is an inmate in Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his civil rights by forcing him to eat from unsanitary dishes. Because Hall is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A, § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Plaintiff brings this suit against Lorie Davis, Director of TDCJ, and eleven other defendants who work in food services for TDCJ's Ramsey I Unit. He alleges that Defendants forced him to eat from unsanitary dishes:

> All Defendants # 1 through # 12 put my health at risk as well as may have caused me health problems in the future by forcing me to use unsanitary trays, spoons and cups every day, from December 11, 2017 . . . knowing that the dishwasher was broke[n].

(Dkt. 1, at 5).[1]  Plaintiff states that the dishes were "beyond unsanitary (*i.e.*, solid food waste, discoloration . . ., [g]rease and other detritus on silverware cups and trays" (*id.* at 6).  He also alleges that "[a]ll Defendants" would not allow him to bring his own dishes to meals and refused to provide him with disposable dishes (*id.* at 5).

Plaintiff claims that, because he is confined in an "institution," TDCJ is required to provide "institutional grade sanitation" as a "civil right" (*id.* at 6).  As relief he seeks an injunction "for immediate repairs or installation of a functional industrial grade dishwasher sanitation machine and . . . supervised use thereof," as well as $10,000 in nominal damages, $100,000 in compensatory damages, and $100,000 in punitive damages (*id.* at 6, 8).

## II.    STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A, § 1915(e)(2)(B).  A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).  A dismissal for failure to state a claim is governed by the same standard for Rule

---

[1]    Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III.   ANALYSIS

### A.   Official Immunity

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas.  *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008).  Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity.  *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ*., 743 F.3d 959, 963 (5th Cir. 2014).  Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983.  *NiGen*, 804 F.3d at 394.

Plaintiff seeks nominal, compensatory, and punitive damages.  To the extent he brings any claims for money damages against Defendants in their official capacities, the state is immune under the Eleventh Amendment.  The claims therefore will be dismissed for lack of jurisdiction.

### B.   Plaintiff's Claims for Relief

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation.  See *Pratt v. Harris Cty., Tex*., 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).  Because Plaintiff was, at all relevant times, a convicted felon in state prison, his claims are governed by the Eighth Amendment prohibition of "cruel and unusual" conditions of confinement.  *Hinojosa v. Livingston*,

807 F.3d 657, 664-65 (5th Cir. 2015) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

An Eighth Amendment claim regarding conditions of confinement must meet two requirements. First, the conditions must have caused a "substantial risk of serious harm." *Hinojosa*, 807 F.3d at 665; *see Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Second, prison officials must have acted with "deliberate indifference" to the plaintiff's health or safety, which means that the official knows of and disregards an "excessive risk" to the plaintiff. *Hinojosa*, 807 F.3d at 665; *Hernandez*, 522 F.3d at 560-61. The official must be subjectively aware of the facts from which an inference of a substantial risk of serious harm could be drawn and must actually draw the inference. *Hinojosa*, 807 F.3d at 665. Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa*, 807 F.3d at 665. *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

In this case, although Plaintiff states that Defendants knew the dishwasher at his unit was broken, he has failed to allege that any Defendant was aware of any "excessive risk" to his health or safety, much less that the Defendant then disregarded the risk. *See Hinojosa*, 807 F.3d at 665. His Eighth Amendment claim fails on this basis.

Additionally, Plaintiff has not alleged that he suffered any physical injury as a result of unsanitary dishes or any other actions by Defendants. *See* Dkt. 1, at 5 (alleging that Defendants "put [his] health at risk" and "may have caused him health problems in

the future"). To the extent Plaintiff seeks compensation for mental or emotional damages, the PLRA precludes damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Plaintiff's claim therefore must be dismissed on this additional basis. 42 U.S.C. § 1997e(c).

## IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** that Plaintiff's complaint (Dkt. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Galveston, Texas, this 28th day of January, 2019.

George C. Hanks Jr.
United States District Judge

6 / 6